[No. 25402. Department Two. April 4, 1935.]

GEORGE W. WILLIAMS *et al., Appellants,* v. WANDA PEASE *et al., Respondents.*[1]

*Philip D. Macbride,* for appellants.

*Wright & Wright (Felix Rea,* of counsel), for respondents.

BLAKE, J.—Defendant Wanda Pease is the widow of LeRoy Pease. The latter died in April, 1933. He left a will, devising certain real estate in trust to defendant Bank of California. Wanda Pease was one of the beneficiaries of the trust. At the time of the death of LeRoy Pease, defendant Washington Mutual Savings Bank held a mortgage on the property.

In September, 1933, plaintiffs acquired title to the property under a deed from Bank of California. In January, 1934, plaintiffs commenced this action for rescission, praying for cancellation of the deed and

[1]Reported in 43 P. (2d) 22.

for recovery of the consideration paid for the convey-
ance. As ground for the relief sought, plaintiffs al-
leged that Wanda Pease made certain false represen-
tations concerning the property, which induced plain-
tiffs to purchase it. Wanda Pease was not served with
process and did not appear in the action. Defendants
Bank of California and Washington Mutual Savings
Bank appeared. The former answered, denying the
material allegations of the complaint, and set up cer-
tain affirmative defenses, which it is unnecessary to
enumerate. Plaintiffs replied, and trial was had on
the issues thus made.

The court made findings favorable to defendants,
and entered judgment thereon containing the fol-
lowing:

"It is hereby ordered, adjudged and decreed *that
the plaintiffs take nothing in this action; that their
action be dismissed with prejudice* and that the defend-
ant, The Bank of California, National Association, as
executor and trustee of the estate of LeRoy Pease, de-
ceased, go hence with its costs against the plaintiffs, by
the clerk of this court to be taxed and when so taxed to
become a part of its judgment."

Plaintiffs appeal, assigning as error the in-
clusion in the decree of the words which we have ital-
icized. The burden of their argument is that they have
a cause of action for damages against Wanda Pease
on account of her alleged fraudulent representations;
that, in the event they should bring such an action
against her and should succeed in serving process upon
her, she might predicate a defense of *res judicata* upon
the italicized words.

It seems to us that the provision of the decree com-
plained of was entirely proper as between the parties
who were before the court and of whom it had jurisdic-
tion. Indeed, upon the findings, the defendants Bank
of California and Washington Mutual Savings Bank

were entitled to have some such provision included in the decree. The trial court could not be concerned with, nor could it determine, what, if any, effect the provision might have upon a party not before it and over whom it had no jurisdiction. Nor can we now say what effect the provision may have upon any cause of action appellants may have against Wanda Pease. If we did undertake to determine that question, our conclusion would amount to a declaratory judgment and, at that, without jurisdiction of one of the parties to be affected by it.

Judgment affirmed.

MILLARD, C. J., HOLCOMB, STEINERT, and MAIN, JJ., concur.